Opinion
JOHNSON, Acting P. J.
Defendant and appellant, Keith Arthur Carlson, appeals from a judgment following his conviction for violating California Code of Regulations, title 14, section 185.5, subdivision (d)(1), which sets forth caging requirements for California native reptiles. Appellant contends, inter alia, that the regulation at issue violates both federal and California due process requirements because it is unconstitutionally vague. We agree, and reverse the judgment.
I.
Only the facts pertinent to resolution of the issue decided on appeal are summarized herein. On September 20, 1994, the Department of Fish and Game confiscated 20 snakes owned by appellant. The snakes were members of the native California species known as the rosy boa. Appellant had kept *Supp. 4 the snakes in containers measuring 13.5 inches long, 8.25 inches wide, and 3.5 inches high. According to the Department of Fish and Game, except with respect to the container housing the smallest of the confiscated snakes, appellant’s containers violated the caging requirements set forth in California Code of Regulations, title 14, section 185.5, subdivision (d)(1).
At trial, Warden Bruce F. Toloski, an expert in herpetology employed by the Department of Fish and Game, testified that juvenile snakes measure 8 to 15 inches long, sub-adults measure 15 to 25 inches long and adults measure 25 to 38 inches long, with the average adult measuring 25 to 30 inches long. On cross-examination of Warden Toloski, appellant established that according to Stebbins, in the Peterson Field Guide Series: A Field Guide to Western Reptiles and Amphibians (1966) at page 142 (hereafter the Peterson Field Guide), adult rosy boas measure 24 to 42 inches long.
While appellant’s snakes were not measured on the date they were confiscated, Warden Toloski testified that in his opinion, on the date they were confiscated, 16 of the 20 snakes were adults, 3 were sub-adults and 1 was a juvenile. The largest snake was approximately 30 to 31 inches long.
On April 11, 1995, the trial court found appellant guilty of violating California Code of Regulations, title 14, section 185.5, subdivision (d)(1). Appellant was sentenced to 180 days in the county jail. Execution of sentence was suspended, and appellant was placed on summary probation for 24 months on the condition that he pay a $500 fine. Additionally, 16 of appellant’s snakes were ordered forfeited pursuant to Fish and Game Code section 12161.
On May 9, 1995, appellant filed a timely notice of appeal.
II.
Appellant contends, inter alia, that California Code of Regulations, title 14, section 185.5, subdivision (d)(1) violates both federal and California due process requirements (U.S. Const., 14th Amend.; Cal. Const., art. IV, §16) because it is unconstitutionally vague. We agree.
California Code of Regulations, title 14, section 185.5, subdivision (d)(1), pertaining to caging requirements for California native reptiles, provides: “(d) Humane Care and Treatment. To ensure that stocks are humanely confined, permittees shall comply with the following provisions: [<JQ (1) Caging requirements: Suitable enclosures for snakes include plastic show boxes (12’’L x 6”W x 3”H) for juveniles, plastic storage boxes (24”L x *Supp. 5 16”W x 6”H) for large adults, and glass aquariums and wooden cages of similar sizes or larger.”
“To withstand a facial vagueness challenge under the due process clause, a statute must satisfy two basic requirements.
“First, a statute must be sufficiently definite to provide adequate notice of the conduct proscribed. ‘[A] statute which either forbids or requires the doing of an act in terms so vague that [people] of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. [Citations.]’ [Citations.] “[B]ecause we assume that [a person] is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he [or she] may act accordingly. Vague laws may trap the innocent by not providing fair warning.” ’ [Citations.]
“Second, a statute must provide sufficiently definite guidelines for the police in order to prevent arbitrary and discriminatory enforcement. ‘A vague law impermissibly delegates basic policy matters to policemen, judges and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.’ [Citation.] ‘Where the legislature fails to provide such minimal guidelines, a criminal statute may permit “a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.” ’ [Citations.]” (People v. Superior Court (Caswell) (1988) 46 Cal.3d 381, 389-390 [250 Cal.Rptr. 515, 758 P.2d 1046].)
“A statute will not be held void for vagueness if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.” (In re Marriage of Walton (1972) 28 Cal.App.3d 108, 116 [104 Cal.Rptr. 472].) ‘“[Requisite standards of certainty can [often] be fleshed out from otherwise vague statutory language by reference to any of the following sources: (1) long established or commonly accepted usage; (2) usage at common law; (3) judicial interpretations of the statutory language or of similar language; (4) legislative history or purpose. [Citation.]’ [Citation.]” (People v. Nguyen (1984) 161 Cal.App.3d 687, 692 [207 Cal.Rptr. 870].)
Neither the California Code of Regulations nor the Fish and Game Code defines the terms “juveniles” or “large adults” for purposes of the regulation at issue. Warden Toloski testified the term “juveniles” pertains to snakes up to 15 inches long. Additionally, the Peterson Field Guide, supra, *Supp. 6 at page 142, established adult snakes measure from 24 to 42 inches long. However, the term “large adults” does not appear to have a long established or commonly accepted meaning.
The evidence at trial indicated the largest snake in appellant’s possession measured 32 inches at the time of trial. In Warden Toloski’s opinion, appellant’s snakes grew one to two inches after they were seized by the Department of Fish and Game. Thus, at the time the snakes were seized, appellant’s largest snake measured approximately 30 to 31 inches long.
According to the evidence presented at trial, appellant’s largest snake was an average-sized adult. Since the regulation at issue contains no guidelines for caging average-sized adult snakes, the regulation does not provide fair notice that appellant’s cages were inadequate. “ ‘[Criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. [Citations.]” (Bowland v. Municipal Court (1976) 18 Cal.3d 479, 492 [134 Cal.Rptr. 630, 556 P.2d 1081], italics omitted.)
Moreover, since the meaning of the term “large adults” is unclear, and the regulation at issue sets forth no caging requirements for average-sized adult snakes, the regulation provides no guidelines to the Department of Fish and Game to prevent arbitrary and discriminatory regulation.
For these reasons, we conclude subdivision (d)(1) of California Code of Regulations, title 14, section 185.5 violates due process under the federal and California Constitutions because it is unconstitutionally vague.
III.
The judgment is reversed.[1]
Todd, J., and Kakita, J., concurred.

In view of our disposition, we decline to address appellant’s remaining contentions.